**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **J. CARY GRAY, et al.** | § | |
| | § | |
| **VS.** | § | **NO. A-11-CV-180 LY** |
| | § | |
| **MYRM HOLDINGS, L.L.C., et al.** | § | |

## REPORT AND RECOMMENDATION

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are the Plaintiffs' Motion for Entry of Default Judgment (Clerk's Doc. No. 80); Defendants' Response in Opposition to the Motion (Clerk's Doc. No. 83); Plaintiffs' Motion to Compel and for Sanctions (Clerk's Doc. No. 86); Plaintiffs' Motion for Partial Summary Judgment (Clerk's Doc. No. 89); and Defendants' Motion for Extension of Time to File a Response to the Plaintiffs' Motion for Partial Summary Judgment (Clerk's Doc. No. 91). The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Plaintiffs' three motions seek to establish the Defendants' liability: either by entering a default judgment, death penalty sanction, or partial summary judgment. The Defendants have only responded to the Plaintiffs' motion for entry of default judgment—they did not respond to the motion for sanctions and only filed a motion for an extension to respond to the summary judgment motion. Considering that the Plaintiffs rely, at least in part, on the Defendants' refusal to participate in the process, the lack of a response is not surprising. Although the Defendants have answered the

Plaintiffs' complaint and therefore are not in default, their contumacious conduct during the litigation warrants a default judgment sanction.

I.      **Background**

    A.      **The Defendants' Refusal to Participate**

For as long as the case has been pending, it has progressed very little.  The answer was filed almost a year after the Plaintiffs first filed suit.  From the pleadings, it appears that the Defendants have employed a variety of stalling tactics.  Discovery has not taken place.  The Plaintiffs noticed depositions, but the Defendants did not appear.  And the Defendants have indicated that they will not participate in written discovery.  The docket sheet contains voluminous filings demonstrating the Defendants' conduct and the Plaintiffs' attempts to require the Defendants to participate in the case.  The undersigned will highlight several of these instances.

The Plaintiffs filed suit on March 8, 2011.  The Defendants filed a motion to dismiss, but after the Court denied their motion, they failed to timely file an answer.  The Plaintiffs requested that the Clerk enter default, which spurred the Defendants into action—they answered and requested that the Court remove the default judgment.  On September 13, 2011, the Court denied the Plaintiffs motion for entry of default and default judgment, and set aside the Clerk's entry of default.  Unable to answer in time, the Defendants requested an extension, which the Court granted.  In lieu of answering, the Defendants filed another motion to dismiss.  On January 10, 2012, the Court denied the Defendants' motion.  Again, the Defendants failed to file an answer thereafter, so the Plaintiffs once again moved for default judgment.  Several days later, the Defendants filed an answer.

Apparently (and justifiably) frustrated by the Defendants' continued practice of delaying, on March 21, 2012, the Plaintiffs filed a motion for sanctions and requested that the Court compel the Defendants to participate in discovery.  This is the third motion for sanctions filed in this case.  The

2

Defendants have not responded to this motion.  The Plaintiffs also filed a motion for partial summary judgment on April 2, 2012.  The Defendants requested additional time to respond to the motion, but—nearly three months later—have not yet filed a response.  Further, the Defendants only offer a weak justification for requiring more time—their lawyers need extra time to procure affidavits from their clients, some of whom are not located in the United States.  And the Defendants have to date still never filed a response.  Accordingly, the undersigned HEREBY DENIES the Defendants' Motion for Extension of Time to File a Response to the Plaintiffs' Motion for Partial Summary Judgment (Clerk's Doc. No. 91).

Further, the Defendants have not limited their inaction to dispositive motions.  They have refused to participate in written discovery.  The Plaintiffs noticed depositions of the Defendants, and the Defendants did not appear.  And the Defendants' counsel left a voicemail for the Plaintiffs' counsel saying that the Defendants did not plan on responding to written discovery requests or appearing for depositions.

## B.    Facts Underlying the Case[1]

The Plaintiffs, Rizik Interests, Barfield, and Austin Properties, entered into a joint venture agreement to purchase collateralized mortgage obligations (CMO).  They spent almost $800,000 on 600 million shares of a Morgan Stanley CMO.  They then entered a limited bonus partnership agreement with the MYRM entities to manage the CMO.  According to the Plaintiffs, Defendant

---

[1]Under the local rules, parties must file responses within fourteen days or the court may grant the motion as unopposed.  LOCAL RULE CV-7(e).  As the Defendants failed to respond to the motion for sanctions and the motion for partial summary—and failed to meaningfully participate in the litigation—the Court may enter default judgment as a sanction and take the plaintiff's well-pleaded factual allegations as true.  *U.S. of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  Accordingly, the Court takes the Plaintiffs' allegations as true in reciting the facts of the case.

Blackwell made several false representations during the negotiation of the partnership agreement: his past work for the Bank of Madrid and Goldman Sachs, his academic pedigree, and his relationships with individuals and banking entities.   Relying at least partly on these misrepresentations, the Plaintiffs believed that Blackwell could guarantee a specific rate of return on their investment, entered into the partnership agreement with MYRM Holdings, L.L.C,[2] and transferred the CMO to MRYM Holdings, Ltd.

The Plaintiffs have not received any payment for the CMO and cannot locate the CMO after the Defendants allegedly transferred it to other entities.   This is true even after the Court granted the Plaintiffs' application for a preliminary injunction and ordered the Defendants to "immediately turn over and surrender possession and control to Plaintiffs all profits, interests, earnings, monies, or other economic gain or property acquired by use or disposition of Plaintiffs' Morgan Stanley CMO." Clerk's Doc. No. 25 at 2.   According to emails between the parties, the Defendants were working on transferring money into their attorneys' IOLTA account, and their counsel asked for an extension to allow Homeland Security to clear the funds, but the Plaintiffs still have not been paid.   The Plaintiffs now sue the MYRM and MRYM Entities and Blackwell,[3] Hibshman, and Bahl as officers, directors, principals, or otherwise affiliated with MYRM.

---

[2]MYRM Holdings, L.L.C. is the "First Party" to the Agreement, and Blackwell signed it.  But an Exhibit to the Agreement has the funds transferred into a MRYM Holdings, Ltd. account, and apparently Blackwell only had authority to act on behalf of Defendant MRYM Group, Ltd.—he denies having authority to act on MYRM, MRYM Holdings, L.L.C., or MRYM Holdings, Ltd. Co.

[3]Additionally, the SEC has filed a Complaint in the Northern District of Texas against Blackwell alleging that Blackwell perpetuated a Ponzi scheme.

## II.       Legal Standard for Default Judgment

Under Fifth Circuit law, there are three steps to obtaining a default judgment: *first*, default by the defendant; *second*, clerk's entry of default; and *third*, entry of a default judgment.  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing FED. R. CIV. P. 55(a)).  "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules.  An entry of default is what the clerk enters when the default is established by affidavit or otherwise.  After defendant's default has been entered, plaintiff may apply for a judgment based on such default.  This is a *default judgment*."  *Id.* (emphasis in original) (citations and footnote removed).  If the clerk has not already entered a default, the Court may enter a default and the default judgment simultaneously when a party shows "by affidavit or otherwise" that another party was properly served under FED. R. CIV. P. 4(e) and "has failed to plead or otherwise defend . . . ."  FED. R. CIV. P. 55(a); 55(b)(2).  The moving party must also show the nonmovant is not is not an infant or incompetent, *see id.*, and is not in the military, *see* 50 U.S.C. app. § 520(1).

The moving party must also show the amount of damages.  If the claim is for a sum certain, that can be figured through arithmetic, a default judgment may be entered without a hearing.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993).  However, if the moving party also seeks attorney's fees, it must prove both the amount of the fees and the reasonableness of the fees, subject to court inquiry.  *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

## III.      Entry of Default

In this case, the Court removed the clerk's previous entry of default and the Plaintiffs have not obtained another entry of default from the clerk.  Thus, the Court first reviews the affidavits and proof of service to insure that the Defendants are in default.  In order to show proper service under

FED. R. CIV. P. 4(e), the Plaintiffs must show that the Defendants were properly served either as required under the Federal Rules or "pursuant to the law of the state in which the district court is located . . ." *Id.* at 4(e)(1). In Texas service by registered or certified mail is sufficient. TEX.R.CIV. P. 106(a)(2). Albeit late, the Defendants filed an answer. And despite their apparent refusal to participate in discovery, in addition to their answer the Defendants have filed motions to dismiss. Therefore, they are not in default, and entry of default is therefore not appropriate.

## IV.    Death Penalty Sanctions

Although the Defendants are not in default, the court may still enter default judgment as a sanction. Under Rule 37, a district court may impose sanctions on a party who fails to comply with a discovery order. Rule 37 "contains two standards—one general and one specific—that limit a district court's discretion." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). First, any sanction must be "just." *Id.* Second, the sanction "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Id.* The sanction of a default judgment is warranted when the penalized party's discovery violation is willful and when a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985); and *Jones v. La. State Bar Ass'n*, 602 F.2d 94, 96 (5th Cir. 1979) (per curiam)). The court "may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *$49,000 Currency*, 330 F.3d at 376 (citing *Batson*, 765 F.2d at 514). "The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." *Topalian v. Ehrman*, 84 F.3d 433, No. 94-20567, 1996 WL 248995, at *4 (5th

Cir. Apr. 12, 1996).  The sanction imposed must be "the least severe sanction adequate to achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

Under the plain language of Rule 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery," the district court has authority to "strik[e] out pleadings . . . or render[ ] a judgment by default." FED. R. CIV. P. 37(b)(2)(C).  The Fifth Circuit has explained that "dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith . . . [and] where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Bluitt v. Arco Chem. Co.*, 777 F.2d 188, 190 (5th Cir. 1985). Further, the Court can impose death penalty sanctions under its inherent powers.  "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. The Jacques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997).  In order to impose sanctions against a party under its inherent power, a court must make a specific finding that the party acted in bad faith. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (citing *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)).

Here, the dilatory and obstructive conduct of the Defendants has been well-documented and the extreme sanction of default judgment is warranted by their actions.  *See Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979) ("Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction."); *Emerick*, 539 F.2d at 1381 ("[W]hen a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district courtss choice of the extreme sanction is not an abuse of discretion.").  It is apparent that further orders requiring the Defendants to file pleadings or respond to discovery would be ineffective.  The Defendants have demonstrated their unwillingness to participate in this litigation.  The least severe

sanction appropriate, in light of the willful actions of the Defendants, is the entry of a default judgment.

## V.    Recommendation

The Defendants' conduct demonstrates bad faith and a refusal to meaningfully participate in the litigation.  The Plaintiffs have moved for sanctions three times in this case after the Defendants refused to follow deadlines.  And the Defendants have still not responded to the Plaintiffs' latest motion for sanctions or their motion for partial summary judgment.  The Defendants appear to participate only under the threat of sanctions.  The Defendants have indicated that they will not respond to written discovery or appear for depositions as required by the rules of procedure.  From this pattern of behavior, the undersigned finds that lesser sanctions will not ensure compliance and the Court must resort to the severe sanction of a default judgment.  Accordingly, the undersigned HEREBY RECOMMENDS that the District Court GRANT the Plaintiffs' Motion to Compel and for Sanctions (Clerk's Doc. No. 86).[4]

If the District Court adopts the undersigned's report and recommendation, then the Court RECOMMENDS that parties be directed to file briefs addressing the amount of damages owed to the Plaintiffs.  The Defendants are strongly encouraged to collaborate with the Plaintiffs on this issue, as it appears that the amount of damages is an issue easily subject to stipulation.  Further, the Court RECOMMENDS that the Defendants be warned that if they continue to neglect their duty to participate, further sanctions may be appropriate.

---

[4]If the District Court adopts the undersigned's recommendation, then the undersigned also RECOMMENDS that the District Court DENY the Plaintiffs' Motion for Entry of Default Judgment (Clerk's Doc. No. 80) and MOOT the Plaintiffs' Motion for Partial Summary Judgment (Clerk's Doc. No. 89).

## VI.   Warnings

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE